```
                  UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW JERSEY
```

_____
                              :
SEAN L. DAVIS,                :
                              :       Civil Action
            Plaintiff,        :       06-3404 (JSB)
                              :
        v.                    :       **O P I N I O N**
                              :
ERIC R. SHENKUS,              :
                              :
            Defendant.        :
_____:


**APPEARANCES:**

    SEAN L. DAVIS, Plaintiff pro se
    #134722
    Atlantic County Justice Facility
    Mays Landing, New Jersey 08330

**JEROME B. SIMANDLE, District Judge**

    Plaintiff SEAN L. DAVIS (hereinafter "Plaintiff") currently confined at the Atlantic County Justice Facility, Mays Landing, New Jersey, seeks to bring this 42 U.S.C. § 1983 action in forma pauperis without prepayment of fees pursuant to 28 U.S.C. § 1915. Plaintiff submitted his affidavit of indigence and institutional account statement pursuant to 28 U.S.C. § 1915(a) (1998). Plaintiff also submitted for filing his complaint (hereinafter "Complaint").

Plaintiff'S Complaint names Eric R. Shenkus as defendant (hereinafter "Defendant"), and states that Defendant violated Plaintiff's constitutional rights by doing the following:

> [Defendant] is [Plaintiff's] public defender for [Plaintiff's] current legal matter, and [Defendant is not following the client[-]lawyer guidelines. [Defendant] is in violation of [Plaintiff's] 6th Amendment which states to have proper counsel for [Plaintiff's] defense.

Compl. § 3(B).

Plaintiff's Complaint clarifies Defendant's failure to "follow the client[-]lawyer guidelines" as follows:

> A.  On [certain dates in November and December of 2005, Plaintiff] requested [his] discovery, Grand Jury transcripts, and a Wade hearing. [Defendant] post[]poned [Plaintiff] on all dates and did not follow through with [Plaintiff's] requests.
> B.  On [a certain date in February of 2006, Plaintiff] asked for [his] Grand Jury transcripts, a Wade hearing and Miranda motion. [Plaintiff] also presented evidence to [Defendant, explaining to Defendant what] to say before the judge [but Defendant] did not comply . . . .
> C.  On [another date, Plaintiff] asked for trial after [Defendant] told [Plaintiff that Plaintiff] couldn't get a motion to dismiss. [Defendant] post[]poned [Plaintiff] instead of putting [Plaintiff] on the trial list.

Id. § 4.

Plaintiff asks this Court to "[a]ppoint [Plaintiff] a lawyer who will represent [Plaintiff] to [the lawyer's] fullest potential. Someone who can legally coincide with [Plaintiff] and recognize the inconsistency of the discovery."  Id. § 5.  After carefully examining Plaintiff's Complaint, this Court dismisses the Complaint

with prejudice for failure to state a claim upon which relief may be granted.

## DISCUSSION

**A.  Standard of Review**

In 1996, Congress enacted the Prison Litigation Reform Act ("PLRA"), Title VIII of the Omnibus Consolidated Rescissions and Appropriations Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).  Congress's purpose in enacting the PLRA was "primarily to curtail claims brought by prisoners under 42 U.S.C. § 1983 and the Federal Tort Claims Act . . . many of which are routinely dismissed as legally frivolous."  Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996).  A crucial part of the congressional plan for curtailing meritless prisoner suits is the requirement, embodied in 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), that a court must dismiss, at the earliest practicable time, any prisoner actions that are frivolous or malicious, fail to state a claim, or seek monetary relief from immune defendants.  However, in determining the sufficiency of a complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  See Haines v. Kerner, 404 U.S. 519 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court should "accept as true all of the allegations in the complaint and reasonable inferences that can be drawn therefrom, and view them in the light most favorable

to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, lend credit to a pro se plaintiff's "bald assertions" or "legal conclusions." Id. Thus, "[a] pro se complaint may be dismissed for failure to state a claim only if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)).

Liberally construing Plaintiff's Complaint, this Court interprets it as setting forth (1) a claim under the Sixth Amendment, and (2) a request for injunctive relief.

**B.   Injunctive Relief Is Barred by the Abstention Doctrine**

Plaintiff's request for injunctive relief is barred by the doctrine of abstention since Plaintiff's criminal proceedings are currently underway. See Pet. § 3(B). The doctrine, which has developed since Younger v. Harris, 401 U.S. 37, "espouse[s] a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." Middlesex County Ethics Committee v. Garden State Bar Ass'n, 457 U.S. 423, 431 (1982). "Younger abstention," as the Court's teaching is known, "is premised on the notion of comity, a principle of deference and 'proper respect' for state governmental

functions in our federal system." Evans v. Court of Common Pleas, Delaware County, Pa., 959 F.2d 1227, 1234 (3d Cir. 1992), cert. dismissed, 506 U.S. 1089 (1993).  Comity concerns are especially heightened when the ongoing state governmental function is a criminal proceeding.  See id.

The specific elements of the Younger abstention are that "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims."  Schall v. Joyce, 885 F.2d 101, 106 (3d Cir. 1989).  All three Younger criteria are met in the case at hand. First, Plaintiff's claim concerns the separate pending criminal case.  Second, based upon the fact that Plaintiff is attempting to raise issues concerning the validity of his potential future conviction, the proceeding clearly implicates important state interests.  Third, the State forum affords Plaintiff an adequate opportunity to raise his federal law issues, that is, his concern about effectiveness of his counsel.[1]

Exceptions to the Younger doctrine exist where irreparable injury is "both great and immediate," Younger, 401 U.S. at 46,

---

[1] Plaintiff has not asserted that he is unable to present his federal claims in his related state court proceedings.  Thus, this Court may assume that the state procedures will afford an adequate remedy.  See Kelm v. Hyatt, 44 F.3d 415, 420 (6th Cir. 1995) (citing Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 17 (1987)) ("Initially, we must presume that the state courts are able to protect the interests of the federal plaintiff.")

where the state law is "flagrantly and patently violative of express constitutional prohibitions," id. at 53, or where there is a showing of "bad faith, harassment, or . . . other unusual circumstances that would call for equitable relief." Id. at 54. These exceptions are to be narrowly construed. See Loftus v. Township of Lawrence Park, 764 F. Supp. 354, 357 (W.D. Pa. 1991). Thus, "only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction . . . is federal injunctive relief against state prosecutions appropriate." Perez v. Ledesma, 401 U.S. 82, 85 (1971). Plaintiff has not asserted any circumstances that would bring the case at bar within any of the narrow exceptions to the Younger doctrine.

In sum, since Plaintiff has requested injunctive relief that would clearly interfere with Plaintiff's pending state court criminal proceeding, dismissal of Plaintiff's claim for such relief is plainly warranted under the Younger doctrine.[2]

---

[2] The Court notes, in dicta, that the outcome would be the same had Plaintiff asked for monetary remedies rather than injunctive relief. The Court of Appeals for the Third Circuit has recognized that claims for damages which would imply the invalidity of a conviction on pending criminal charges are not cognizable. See Smith v. Holtz, 87 F.3d 108, 113 (3d Cir.1996). As the Holtz Court made clear:
> [Section] 1983 actions are subject to the "hoary principle" that civil tort actions are not the appropriate vehicle for challenging the validity of convictions and sentences. The express objectives of this holding were to preserve consistency and finality, and to prevent "a collateral attack on [a] conviction

**C.   Sixth Amendment Claim Is Barred by Failure to Meet the Color of Law Requirement**

Moreover, Plaintiff's Sixth Amendment claim is barred by Plaintiff's failure to meet the color of law requirement. To recover against a defendant under 42 U.S.C. § 1983, a plaintiff must establish that the defendant acted under "color of [state] law" to deprive him of a right secured by the federal Constitution or laws.[3]  See Groman v. Twp. of Manalapan, 47 F.3d 628, 633 (3d

---

through the vehicle of a civil suit." . . . We find that these concerns apply equally to claims that, if successful, would necessarily imply the invalidity of a future conviction on a pending criminal charge. A claim by a defendant in an ongoing criminal prosecution which necessarily challenges the legality of a future conviction on pending criminal charge lies at the intersection of the federal habeas corpus statute and the Civil Rights Act of 1871. If such a claim could proceed while criminal proceedings are ongoing, there would be a potential for inconsistent determinations in the civil and criminal cases and the criminal defendant would be able to collaterally attack the prosecution in a civil suit.

Holtz, 87 F.3d at 113 (emphasis removed).

Thus, dismissal of claims for monetary relief under federal causes of action, which necessarily depend on the outcome of the ongoing criminal cases, is both warranted and mandatory in view of the Third Circuit's pronouncement.

[3] Section 1983 provides in relevant part that:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, or any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Cir. 1995).  Section 1983 does not create substantive rights; rather, it provides an avenue of recovery for the deprivation of established federal constitutional and statutory rights.  See Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996); Groman, 47 F.3d at 633.

"The color of state law . . . is a threshold issue; there is no liability under [Section] 1983 for those not acting under color of law."  Id. at 638.  The color of state law element in a section 1983 action requires that "the conduct allegedly causing the deprivation of [the plaintiff's rights] be fairly attributable to the State."  Lugar v. Edmonson Oil Co., 457 U.S. 922, 937 (1982). For the conduct to be "fairly attributable" to the State, (1) the deprivation must be caused by (a) the exercise of some right or privilege created by the State or (b) by a rule of conduct imposed by it or by a person for whom the State is responsible, and (2) the defendant must be a person who may fairly be said to be a state actor, either because the person (a) is a state official, (b) acted together with or has obtained significant aid from state officials, or (c) performed conduct otherwise chargeable to the State. See id. at 936-39.

The United States Supreme Court has articulated several instances where a private party's actions may be fairly attributed to state action, including when: (1) it results from the State's exercise of "coercive power"; (2) the State provides significant

encouragement, either overt or covert; (3) a private actor operates as a willful participant in joint activity with the State or its agents; (4) a nominally private entity is controlled by an agency of the State; (5) a private entity has been delegated a public function by the State; or (6) the private entity is entwined with governmental policies, or the government is entwined in its management or control.  See Brentwood Acad. v. Tenn. Secondary Sch. Ath. Ass'n, 531 U.S. 288, 296 (2001) (internal quotations and citations omitted).  The Court, in deciding whether a particular action or course of action by a private party is governmental in character, must examine: (1) the extent to which the actor relies on governmental assistance and benefits; (2) whether the actor is performing a traditional public function; and (3) whether the injury caused is aggravated in a unique way by the incidents of governmental authority.  See Edmonson v. Leesville Concrete Co., 500 U.S. 614, 621 (1991).

   None of the above-listed elements is met in the case at bar. Moreover, it is well-settled that neither a privately retained counsel nor a court-appointed public defender who performs a lawyer's traditional function as counsel to a defendant in a criminal proceeding could be deemed as acting under color of law. See Polk County v. Dodson, 454 U.S. 312, 325 (1981).  Whether court-appointed or privately retained, a defense attorney represents only her client and not the state.  See Johnson v.

Kafrissen, 1995 U.S. Dist. LEXIS 8072, at *2 (E.D. Pa. June 5, 1995).  The only exception lies if a defense counsel conspires with the prosecution.  However, for a conspiracy claim, there must be evidence of (1) an actual violation of a right protected under § 1983, and (2) actions taken in concert by defendants with the specific intent to violate that right.  See Williams v. Fedor, 69 F. Supp.2d 649, 665-66 (M.D.Pa.), aff'd, 211 F.3d 1263 (3d Cir. 2000) (citing Kerr v. Lyford, 171 F.3d 330, 340 (5th Cir. 1999)); see also Parkway Garage, Inc. v. City of Phila., 5 F.3d 685, 700 (3d Cir. 1993) (plaintiff must show that two or more conspirators reached an agreement to deprive him or her of a constitutional right under color of law); Kelley v. Myler, 149 F.3d 641, 648-49 (7th Cir. 1998) (an agreement or an understanding to deprive the plaintiff of constitutional rights must exist).

 Even liberally construing Plaintiff's Complaint, this Court cannot find any indication that Defendant acted under color of law. Actions of Defendant cannot be fairly attributed to the State since Defendant is neither a state actor, nor acts in cooperation with a state actor, or performed conduct otherwise chargeable to the State.  Thus, Plaintiff's allegations fail to meet the threshold "color of state law" requirement.  Consequently, Plaintiff's

Complaint fails to state a claim upon which relief may be granted.[4]

### CONCLUSION

For the above stated reasons, the Court grants Plaintiff's application to file the Complaint <u>in</u> <u>forma</u> <u>paupeis</u> without prepayment of the filing fee and dismisses the Complaint with prejudice.

An appropriate Order accompanies this Opinion.

<u>s/ Jerome B. Simandle</u>  
**JEROME B. SIMANDLE**  
**United States District Judge**

Dated: **August 2, 2006**

---

[4] The Court, however, expressly notes that no statement made in the instant Opinion prevents Plaintiff from notifying the Public Defender's Office of Plaintiff's concerns and requesting new counsel.